IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**MARK S. GIETZEN,**  )
 )
        Plaintiff,  )
 )
  v.  )    **Case No. 13-1059-RDR**
 )
**BENEFICIAL MORTGAGE CORPORATION**  )
**f/k/a BENEFICIAL MORTGAGE CO.**  )
**OF KANSAS INC.,**  )
 )
        Defendant.  )

## MEMORANDUM AND ORDER

This matter is presently before the court upon defendant Beneficial Mortgage Corporation's motion to dismiss. Plaintiff, proceeding pro se, has failed to timely respond to the defendant's motion. Having carefully reviewed the defendant's motion, the court is now prepared to rule.

I.

Plaintiff, proceeding pro se, filed a petition against the defendant on December 21, 2012 in state court. It was removed to this court by the defendant on February 5, 2013 based upon diversity of citizenship jurisdiction. The defendant filed the instant motion on March 5, 2013.

In his complaint, plaintiff asserts three causes of action: (1) conversion; (2) negligence; and (3) breach of contract. The complaint is 18 pages in length. Plaintiff also attached 19 pages of exhibits to the complaint. In his conversion claim, plaintiff

alleges that he was improperly evicted from his home and his home was then looted of over $100,000 of items without any sign of forcible entry. He further contends that the defendant possessed the only key to his home at that time. He asserts that some of the items that were taken included equipment and tools that deprive him of his ability to earn income. He seeks the return of these items from the defendant and reasonable compensation for the denial of the use of the tools needed to produce income. In the negligence claim, plaintiff alleges that the missing items were in defendant's care, custody and control, and that the defendant breached its duty that these items would not be lost, damaged, or stolen. He seeks damages of over $100,000 from the defendant. Finally, in the breach of contract claim, he contends that the City of Wichita's construction contractor severely damaged his home in 2000. He further asserts that thereafter defendant asked him to enter into a new mortgage concerning the "damaged" home and, during the refinancing process, defendant agreed to "assist and assure" that repairs to his home would be accomplished. He further alleges that on or about August 28, 2002, he entered into a new mortgage with the defendant and the defendant has not kept "its part of the agreement pertaining to assuring that repairs to the home were actually done." He then asserts that, as a result, his home has no current market value and he has been unable to re-finance his home with a different lender.

He contends that every mortgage payment he had made to the defendant since August 28, 2002 "was an act of fraud on the part of the Defendant." He seeks an order from the court enforcing the defendant's agreement to repair the house or to compensate him in the amount of $97,286.00 along with various other types of damages.

II.

In the instant motion, defendant contends plaintiff's claims of conversion and negligence fail to state a claim upon which relief can be granted. Defendant further asserts that the plaintiff's breach of contract claim is time-barred.

The defendant argues that plaintiff's claims of conversion and negligence must be dismissed because the exhibits attached to his complaint show that another entity is responsible for the wrongful conduct claimed by him. The defendant points out that, in the attached exhibits, plaintiff states that "Property Management people" or a "Property Management Company" was responsible for the conduct asserted in the conversion and negligence claims. Defendant further claims that plaintiff has failed to state a claim for conversion because he has failed to allege that either it or the "Property Management Company" had any dominion over his property. Defendant also contends that plaintiff's negligence claim must be dismissed because he has failed to allege facts that establish that it owed a duty to him that his property would not be lost, damaged or stolen.

3

Finally, the defendant contends that plaintiff's breach of contract is time-barred. The defendant argues plaintiff's claim is barred by the applicable statute of limitations in Kansas for contracts regardless of whether the contract was written or oral. The defendant points out that plaintiff filed his breach of contract claim more than 10 years after the agreement was entered into by the parties.

III.

In ruling upon such a motion to dismiss, the court assumes as true all well-pleaded factual allegations in the complaint and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court need not accept as true those allegations which state only legal conclusions. Id. Plaintiff must make allegations which show more than a sheer possibility that defendants have acted unlawfully—it is not enough to plead facts that are "merely consistent with defendant's liability." Id.

While ordinarily the statute of limitations is an affirmative defense, the issue may be resolved on a Rule 12(b)(6) motion to dismiss where the application of the limitations period is apparent on the face of the complaint. Farnsworth v. Hub of Syracuse, Inc., 2012 WL 4061606 at * 1 (D.Kan. Sept. 14, 2012)(citing Jones v. Bock, 549 U.S. 199, 220-21 (2007)).

Because plaintiff is proceeding pro se, the court must construe his pleadings liberally. The court will not, however, act as his advocate. See United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

IV.

The defendant contends that dismissal of the conversion and negligence claims is appropriate because the exhibits attached to plaintiff's complaint indicate that another entity is responsible for the conduct asserted by plaintiff. We must agree. In the exhibits, plaintiff states that a "Property Management Company" caused the damages asserted in his complaint. Given this direct contradiction to the allegations contained in the complaint, the court is persuaded that dismissal is appropriate here. With this decision, the court need not consider defendant's other arguments concerning the conversion and negligence claims.

The statute of limitations for breach of contract claims in Kansas is either three years for oral contracts or five years for written contracts. See K.S.A. §§ 60-511, 60-512 "Regardless of the type of contract. . ., 'the action for breach of contract accrues when a contract is breached by the failure to do the thing agreed to, irrespective of any knowledge on the part of the plaintiff or of any actual injury it causes.'" Dockhorn v. Kitchens By Kleweno, 2010 WL 1196425 at * 24-25 (D.Kan. Mar. 23, 2010)(quoting Pizel v. Zuspann, 247 Kan. 54, 795 P.2d 42, 54 (1990)).

In his breach of contract claim, plaintiff alleged that he entered into an agreement with the defendant to "assist and assure" that certain repairs would be made to his house. In the complaint, plaintiff admits that the agreement was oral, but asserts it was "put in writing in the Defendant's computer system." The court finds that plaintiff's claim is time-barred regardless of the type of contract involved. The contract was entered into in 2002 and plaintiff acknowledges that he informed the defendant "over the years since 2002" of its failure to perform under the contract. Since over 10 years have passed since the parties entered into the agreement, the court believes that plaintiff's contract claim is barred by the statute of limitations.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. # 12) be hereby granted. Plaintiff's claim of conversion and

negligence are hereby dismissed for failure to state a claim upon which relief can be granted.  Plaintiff's breach of contract claim is hereby dismissed as barred by the statute of limitations.

**IT IS SO ORDERED.**

Dated this 9th day of April, 2013, at Topeka, Kansas.

*s/Richard D. Rogers*
United States District Judge